## SWINDELL & COMPANY *v.* SADDLER.

1. Where a plaintiff seeks to enjoin the cutting of timber, under the Civil Code, § 4927, and the abstract attached to his petition shows that he has not the perfect paper title prescribed by that section, he may amend by alleging that the defendant is insolvent and that the damages threatened will be irreparable.
2. Where in such an action it appears that the plaintiff has signed an unambiguous contract for the sale of the timber in dispute, and no effort is made to reform the instrument on the ground that it does not speak the real agreement between the parties, it is error to grant the injunction prayed.

Submitted December 15, 1904. — Decided January 30, 1905.

Injunction.    Before Judge Spence.    Decatur superior court. October 17, 1904.

Saddler sought to enjoin Swindell & Company from cutting timber on a tract of land alleged to be his property.    He did not allege that the defendants were insolvent, or that the damages would be irreparable, but apparently relied upon the perfect paper title prescribed by the Civil Code, § 4927, as the basis of an action to enjoin the cutting of timber.    The abstract of title attached to his petition was, in so far as the purposes of this suit are concerned, defective, in that parol evidence was necessary to show that one of the grantors therein named was the heir at law of his predecessor in title.    See *Powell* v. *Brinson*, 120 *Ga.* 36, and cases cited on page 38.    A temporary injunction was granted; and the defendants filed a motion in the nature of a demurrer to the petition, praying that this injunction be dissolved.    Two amendments to the petition were then allowed over the objection of the defendants.    In one of these amendments it was alleged that the defendants do not claim title to the timber in dispute, " except under and through a certain receipt, which plaintiff gave defendants, for the sum of ten dollars, which was part payment of a contract price of thirty dollars, which said defendants were to give plaintiff for certain trees of a certain character" on the land involved in this suit; that the plaintiff did not read the

paper so signed by him, for the reason that he could not read, but relied entirely upon the statement of the defendants' agent, with whom the transaction was had, as to its contents; that the agreement between the parties was that only the "big yellow-hearted trees" were to be sold, the rail timber being expressly excepted from its operation; that the defendants went upon the land and proceeded to cut all the timber of every description, "in fact, more timber than the agreement called for;" and that the defendants are hopelessly insolvent and unable to respond in damages. In the other amendment it was alleged that the damage to the plaintiff would be irreparable. The defendants filed answers to the petition and to the amendments. They admitted that they claimed the timber under a contract with the plaintiff, but denied that that contract embraced only the timber of a certain character on the land. They also denied all the material portions of the petition and the amendments. Attached to the answer as an exhibit was a copy of the contract in question, which was as follows: "Feby. 21st, 1899. State of Georgia, County of Decatur. Received of E. Swindell & Co. the sum of $10.00 dollars, the same being part of the purchase-money for the timber on lot of land No. 305, the east side, 110 acres timber in the 16th district of said county, and also for the right to construct and build upon the said lands, at any time, tramroads, railroads, and wagon-roads, and such other devices as they may see fit. The deed to the said timber and said privileges to be delivered as soon as the title to said land can be examined and perfected, and the balance of said purchase-money to be paid when the deed is so made and delivered by Moses Saddler to the said E. Swindell & Co., as follows: Balance $20.00 to be paid at the commencement of cutting timber. In the event no deed is made I agree to refund the said part of the purchase-money so paid by the said ——— on demand; it being understood and agreed that it is optional with the said E. Swindell & Co. to accept the said title to the said property and pay the purchase-money therefor." This writing was signed by Saddler by his mark, and was attested by two witnesses, one a justice of the peace; and it was in evidence on the hearing, and its execution admitted by the plaintiff. The court granted an order enjoining the defendants, as prayed, until the final hearing. The defendants except to this order, the allowance

of the amendments to the petition over their objection, and the refusal of the court to dissolve the injunction as prayed.

*A. H. Russell* and *Townsend & Dickenson*, for plaintiffs in error.

CANDLER, J.   (After stating the foregoing facts.)   1. Under the liberal law now of force in this State in regard to the allowance of amendments, and the liberal construction of that law by this court, we are not prepared to hold that the amendments to the petition which were allowed over the objection of the defendants set up a new and distinct cause of action.   "Relatively to the law of pleading, a cause of action is some particular right of the plaintiff against the defendant, together with some definite violation of that right."   *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (4).   In the present case, the particular right declared on by the plaintiff was the right to the unmolested possession and enjoyment of the timber on his land, and the definite violation of that right in the cutting of the timber by the defendants.   It is true that the original petition sought relief under a particular act of the General Assembly, on the theory that the plaintiff had a perfect paper title to the land on which the timber was located; while the amendments sought relief on the ground that the defendants were insolvent and that the damages sustained or about to be sustained would be irreparable.   This, however, was a matter which went to the form of the assertion of the plaintiff's right, rather than to the substance of the right itself.   No new cause of action was set up by the amendments, and their allowance was not error.

2. We are clear, however, that, upon the face of the pleadings as they appear in the record, the plaintiff is not entitled to the relief sought.   It was not denied that the plaintiff signed a contract for the sale of the timber the cutting of which he now seeks to enjoin.   On its face this paper stipulates for the sale of all the timber on the plaintiff's land.   If it does not speak the true agreement between the parties, it must be reformed before equity will interfere to restrain the apparent rights of the defendants thereunder.   A case directly in point is *Perkins Lumber Co.* v. *Wilkinson*, 117 *Ga.* 394; and further discussion is unnecessary, other than to say that under the decision in the case cited the grant of an injunction was clearly error.

*Judgment reversed.   All the Justices concur.*